FILED ___ LODGED
___ RECEIVED ___ COPY

JUL 11 2002

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Angel Garcia Villareal,<br>　　Plaintiff,<br>　　v.<br>Arturo Curiel, et al.,<br>　　Defendants. | CV 02-0429-PHX-MHM (JI)<br><br>**ORDER** |

Plaintiff Jose Angel Garcia Villareal, confined in the Arizona State Prison Complex in Buckeye, Arizona, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. Plaintiff has paid the $150.00 filing fee.

**A. Statutory Screening of Prisoner Complaints.**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). The Court also must dismiss a complaint or portion thereof if Plaintiff fails to exhaust any administrative remedy available to him. 42 U.S.C. § 1997e(a).

**B. Complaint.**

Plaintiff alleges that Defendants Miranda, Hernandez and Johnson, acting in compliance with the prevailing customs, traditions and policies of the City of San Luis to arrest and prosecute people without any probable cause, had him arrested and charged with intentionally discharging

a weapon and committing a drive by shooting as charged in court two of the indictment, and the jury found him not guilty. Plaintiff contends that he was charged wrongfully and maliciously for crimes he did not commit. Plaintiff further contends that Defendants had no probable cause to arrest and prosecute him. Plaintiff contends that the charges were dismissed on January 31, 2000 and the proceedings terminated in his favor. Named as Defendants are Sgt. Arturo Curiel; Chief John Miranda; Officer Ricardo Hernandez; Officer Jose Johnson; City of San Luis; Yuma County Sheriff and Yuma County. Plaintiff seeks monetary damages.

An answer will be required from all of the named Defendants pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

**IT IS THEREFORE ORDERED:**

(1) That the Clerk of Court shall send Plaintiff a service packet including both summons and request for waiver forms for the following Defendants: Curiel; Miranda; Hernandez; Jose Johnson; City of San Luis; Yuma County Sheriff and Yuma County;

(2) That Plaintiff shall complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order;

(3) That if Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on each Defendant within 120 days of the filing of the complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Rule 2.12(b)(3)(B)(i) of the Rules of Practice of the United States District Court for the District of Arizona (Local Rules);

(4) That the United States Marshal shall retain the Summons, a copy of the Complaint, and a copy of this Order for future use;

(5) That the United States Marshal shall notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants shall include a copy of this Order. The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable

1 | as soon as they are received. If a waiver of service of summons is not returned by a Defendant
2 | within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:
3 |     (a) Personally serve copies of the Summons, Complaint, and this Order upon the
4 | Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;
5 |     (b) Within 10 days after personal service is effected, file the return of service for the
6 | Defendant, along with evidence of the attempt to secure a waiver of service of the summons
7 | and of the costs subsequently incurred in effecting service upon the Defendant. The costs
8 | of service shall be enumerated on the return of service form (USM-285) and shall include
9 | the costs incurred by the Marshal for photocopying additional copies of the Summons,
10 | Complaint, or this Order and for preparing new process receipt and return forms (USM-
11 | 285), if required. Costs of service will be taxed against the personally served defendant
12 | pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise
13 | ordered by the Court;
14 | **(6) That a Defendant who agrees to waive service of the Summons and Complaint shall**
15 | **return the signed waiver forms to the United States Marshal, not the Plaintiff;**
16 |     (7) That Defendants shall answer the Complaint or otherwise respond by appropriate motion
17 | within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil
18 | Procedure;
19 |     (8) That any answer or responsive pleading shall state the specific Defendant(s) by name
20 | on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other motion
21 | or paper that does not identify the specific Defendant(s) by name on whose behalf it is filed;
22 |     (9) That Plaintiff shall serve upon Defendants, or if appearance has been entered by counsel,
23 | upon counsel, a copy of every further pleading or other document submitted for consideration by
24 | the Court. Plaintiff shall include with the original document and copy, to be filed with the Clerk
25 | of the Court, a certificate stating the date a true and correct copy of the pleading or document was
26 | mailed to Defendants or counsel. Any paper received by a District Court Judge or Magistrate Judge
27 | which has not been filed with the Clerk of Court may be disregarded by the Court;
28 |

(10) That at all times during the pendency of this action, Plaintiff shall immediately advise the Court and the United States Marshal of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. Plaintiff shall serve a copy of the notice on all opposing parties. The notice shall not include any motions for any other relief. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure;

(11) That a clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned. See Rule 1.9(f), Rules of Practice of the U.S. District Court for the District of Arizona. Failure to comply with this requirement may result in the pleading or document being stricken without further notice to Plaintiff; and

(12) That this matter is referred to Magistrate Judge Jay Irwin pursuant to Local Rules 1.16 and 1.17 for further proceedings.

DATED this 10th day of July, 2002.

Mary H. Murguia
United States District Judge

TERMPSREF